UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE J. JACKSON, JR., | No. 2:14-cv-0592 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. AUSTIN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On April 9, 2014, the court accorded plaintiff the option of proceeding on his original complaint against only defendant J. Austin, OR filing an amended complaint with the goal of stating potentially cognizable claims against all named defendants. (ECF No. 10.) Plaintiff responded by: (1) requesting an extension of time within which to comply with the court's order; (2) submitting service documents for defendant Austin; and (3) requesting appointment of counsel. The court addresses these matters ad seriatim.

First, for good cause shown, plaintiff's request for an extension of time within which to comply with the court's April 9, 2014 order, is granted. Plaintiff shall, within 30 days after service of this order, file an amended complaint OR inform the court that plaintiff wishes to proceed on the original complaint and serve process only on defendant Austin.

////

1

1         Second, although plaintiff has submitted service documents for defendant Austin, his
2  request for an extension of time specifically states that, "Plaintiff does not wish . . . for this first
3  summons to be processed until this extension has been decided upon." (ECF No. 14 at 2.)
4  Therefore, the court will retain these service documents pending further notice from plaintiff.

5         Third, plaintiff requests appointment of counsel. Plaintiff states that he is without funds to
6  hire counsel; has tried unsuccessfully to secure representation on a contingency basis; that the
7  issues in his case are both meritorious and complex; that plaintiff is a layman with limited
8  education and knowledge of the law; that plaintiff's incarceration limits his ability to "marshal
9  evidence in his behalf and interview witnesses;" and that appointment is necessary to conduct
10 discovery and obtain expert witnesses, so as not to trigger potentially retaliatory conduct by
11 prison officials.

12        District courts lack authority to require counsel to represent indigent prisoners in section
13 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional
14 circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See
15 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
16 Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional
17 circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as
18 well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the
19 legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not
20 abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional
21 circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of
22 legal education and limited law library access, do not establish exceptional circumstances that
23 warrant a request for voluntary assistance of counsel.

24        In the present case, plaintiff's several reasons for requesting appointment of counsel are
25 common to most prisoners. While the court is cognizant that this action proceeds on a claim of
26 excessive force by a correctional officer, plaintiff has asserted no specific circumstances requiring
27 exceptional care in discovery. Moreover, this case is still at its inception – plaintiff may be filing
28 an amended complaint. Therefore, having considered the factors under Palmer, the court finds

that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time (ECF No. 14), within which to comply with the court's April 9, 2013 order, is granted; plaintiff shall, within thirty (30) days after service of this order, file an Amended Complaint OR inform the court that he wishes to proceed on his original complaint against defendant J. Austin only;

2. The Clerk of Court is directed to hold the service documents plaintiff submitted for defendant J. Austin, until further notice; and

3. Plaintiff's request for appointment of counsel (ECF No. 13), is denied without prejudice.

SO ORDERED.

Dated: May 19, 2014

/jack0592.31 & 36

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3