UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE JACKSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. AUSTIN, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-0592 KJM KJN P<br><br><br>ORDER |

I. Introduction

　　Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. Sole remaining defendant Austin filed a motion for summary judgment on July 17, 2015.[1] Plaintiff failed to file a timely opposition, and on September 1, 2015, plaintiff was directed to file an opposition within thirty days. On October 5, 2015, plaintiff filed an unverified opposition. On October 13, 2015, defendant filed a reply. As explained below, the undersigned construes plaintiff's "opposition" as a request for additional discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure ("Rule 56(d)"). For the following reasons, the undersigned denies plaintiff's request for discovery under Rule 56(d), but grants him one final extension of time in which to file an opposition to the motion.

---

[1] By order filed January 12, 2015, defendants Lee, Matteson, Allen and Swarthout were dismissed without prejudice.

1

II. <u>Rule 56(d) Request - Standards</u>

Rule 56(d) permits a party opposing a motion for summary judgment to request an order deferring the time to respond to the motion and permitting that party to conduct additional discovery upon an adequate factual showing. <u>See</u> Fed. R. Civ. P. 56(d) (requiring party making such request to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."). A Rule 56(d) affidavit must identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." <u>Tatum v. City and County of San Francisco</u>, 441 F.3d 1090, 1100 (9th Cir. 2006).

"Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 412 (9th Cir. 1988). Thus, summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim." <u>Jones v. Blanas</u>, 393 F.3d 918, 930 (9th Cir. 2004). "The burden is on the nonmoving party, however, to show what material facts would be discovered that would preclude summary judgment." <u>Klingele</u>, 849 F.2d at 412; <u>see also</u> <u>Conkle v. Jeong</u>, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists."). Moreover, "'[t]he district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'" <u>Conkle</u>, at 914 (quoting <u>California Union Ins. Co. v. American Diversified Sav. Bank</u>, 914 F.2d 1271, 1278 (9th Cir. 1990)).

III. <u>The Parties' Positions</u>

Plaintiff entitles his filing "Opposition of Summary Judgment," but his sole opposition to the motion is his conclusory statement that <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997), do not apply. (ECF No. 36 at 2.) Plaintiff argues that defendant did not apply the right law, citing <u>Hooper v. County of San Diego</u>, 629 F.3d 1127 (9th Cir. 2011), and <u>Smith v. City of Hemet</u>, 394 F.3d 689, 699 (9th Cir. 2005). (ECF No. 36 at 3.) But plaintiff provides no facts in support thereof. (ECF No. 36 at 2-3.) Rather, plaintiff argues

that defendant should be required to provide discovery responses, that plaintiff should be "entitled to special consideration because of difficulty in gaining access to information from prison officials" and defendant, and that defendant "is not giving the plaintiff the same right to have discovery as they had." (ECF No. 36 at 2-3.) Essentially plaintiff complains that he was not allowed an opportunity to pursue discovery, and states he should be allowed an opportunity to obtain responsive evidence, such as through answers to interrogatories.

Defendant replies that plaintiff failed to show, by affidavit or declaration, that he attempted to conduct discovery relative to defendant's motion, but for specific reasons was unable to do so. Rather, plaintiff did not propound discovery until September 10, 2015, long after the May 8, 2015 discovery deadline passed, and after the instant motion was filed on July 17, 2015. Plaintiff served requests for admission and interrogatories on September 10, 2015.[2] Defendant argues that plaintiff cannot invoke Rule 56(d) without demonstrating he diligently pursued discovery. (ECF No. 37 at 2), citing Martinez v. Columbia Sportswear USA Corp., 859 F.Supp.2d 1174, 1176 (E.D. Cal. 2012), aff'd, 553 F. App'x. 760 (9th Cir. 2014); Brocade Communications Systems, Inc. v. A10 Networks, Inc., 843 F.Supp.2d 1018, 1026-27 (N.D. Cal. 2012).

IV.  Discussion

On January 21, 2015, a discovery and scheduling order issued. (ECF No. 27.) The parties were provided specific information concerning discovery, including an order that the parties may conduct discovery until May 8, 2015, and that all requests for discovery "shall be served not later than sixty days prior to that date." (ECF No. 27 at 5.) Plaintiff did not seek discovery during the discovery period. (ECF No. 37 at 1.) Plaintiff now claims, without factual or evidentiary support, that he had difficulty gaining access to information from prison officials and defendant. But plaintiff does not explain what efforts he made to pursue discovery during the discovery period, or explain how his "access to information" was made difficult. Plaintiff provides nothing

---

[2] Defendant advised plaintiff that his requests were served after the discovery cut-off and were therefore untimely. (ECF No. 37 at 2.) Defendant did not provide substantive responses because the requests were untimely. (Id.)

to demonstrate that he has been diligent in prosecuting this action.  Plaintiff did not provide a copy of his discovery requests, does not provide the dates he propounded discovery requests, and does not explain what facts remain to be discovered that would defeat summary judgment.  Plaintiff was present during the June 4, 2013 incident, and thus is personally aware of what took place between him and defendant on that day, and also provided a copy of the rules violation report with his original complaint.  (ECF No. 1 at 9.)  Finally, plaintiff failed to provide a declaration or affidavit in support of his request.

Because plaintiff has not met his burden in seeking relief under Rule 56(d), his request is denied.  Accordingly, plaintiff is not entitled to a continuance for the purpose of conducting additional discovery pursuant to Rule 56(d).

However, in an abundance of caution, the court grants plaintiff one final opportunity to file an opposition to defendant's motion.  On October 24, 2014, in the order requiring the United States Marshal to serve defendants, plaintiff was informed of the requirements for opposing a motion for summary judgment pursuant to Rule 56.  (ECF No. 21 at 3-4.)  Also, the specific requirements were set forth in the appended notice.  (Id. at 6.)[3]  Defendant again provided the requirements with their motion for summary judgment.  (ECF No. 21 at 30-1.)  Finally, on September 1, 2015, plaintiff was reminded that Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc) and Klingele, 849 F.2d at 411-12, governed the filing of an opposition to the motion.  (ECF No. 35.)  If plaintiff contends that Heck and Balisok do not apply to the facts of his case, he must demonstrate how or why.  Conclusory statements without factual or evidentiary support are insufficient.

---

[3] To oppose a motion for summary judgment, you must show proof of your claims.  To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated.  You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated.  You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents.  For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed.  If you deny a fact, you must cite to the proof that you rely on to support your denial.  See L.R. 260(b).  If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

V. <u>Conclusion</u>

      Accordingly, IT IS HEREBY ORDERED that:

      1.  Plaintiff's October 5, 2015 filing (ECF No. 36), construed as a Rule 56(d) request, is denied; and

      2.  Plaintiff is granted thirty days in which to file an opposition to defendant's motion for summary judgment.  No further extensions of time will be granted.

Dated:  December 2, 2015

/jack0592.56d

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE