UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE JACKSON,<br><br>            Plaintiff,<br><br>    v.<br><br>J. AUSTIN, et al.,<br><br>            Defendants. | No. 2:14-cv-0592 KJM KJN P<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On July 17, 2015, the sole remaining defendant Austin filed a motion for summary judgment.[1] Plaintiff did not file an opposition. On September 1, 2015, plaintiff was granted an extension of time to file an opposition, reminded of his obligations under Local Rules 110 and 230(l), and warned that his failure to file an opposition would be deemed as consent to have the

> (a) action dismissed for lack of prosecution; and (b) action dismissed based on plaintiff's failure to comply with these rules and a court order. Such failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

(ECF No. 35 at 1-2.) Plaintiff was provided the text of Rule 41(b). (ECF No. 35 at 2.)

---

[1] On January 12, 2015, the other named defendants were dismissed without prejudice.

1

1    On October 5, 2015, plaintiff filed an unverified five page document entitled "Opposition
2 of Summary Judgment." (ECF No. 36.) However, on December 2, 2015, the undersigned
3 construed plaintiff's "opposition" as a request for additional discovery pursuant to Rule 56(d) of
4 the Federal Rules of Civil Procedure. (ECF No. 38.) Plaintiff's request for relief under Rule
5 56(d) was denied, but plaintiff was granted one final thirty day extension of time in which to file
6 an opposition. (ECF No. 38 at 4.) Plaintiff was reminded of the requirements for opposing a
7 motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154
8 F.3d 952, 957 (9th Cir. 1998) (en banc). (ECF No. 38 at 4.) Plaintiff was previously informed of
9 such requirements on several occasions. (ECF Nos. 21 at 3-4, 6; 30-1; 35.)
10   The thirty day period has now expired and plaintiff has not responded to the court's order.
11   "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an
12 action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258,
13 1260 (9th Cir. 1992); ); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). "In
14 determining whether to dismiss a case for failure to comply with a court order the district court
15 must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation;
16 (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
17 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
18 alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829,
19 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).
20   In determining to recommend that this action be dismissed, the court has considered the
21 five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal
22 of this action. "[T]he public's interest in expeditious resolution of litigation always favors
23 dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This action has
24 been pending for almost two years, and has reached the stage, set by the court's January 21, 2015
25 scheduling order, for resolution of dispositive motions. (ECF No. 27.) "It is incumbent upon the
26 Court to manage its docket without being subject to routine noncompliance of litigants. . . ."
27 Pagtalunan, 291 F.3d at 642. Plaintiff's failure to comply with the Local Rules and the court's
28 orders suggests that further time spent by the court thereon will consume scarce judicial resources

in addressing litigation which plaintiff demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to defendant from plaintiff's failure to oppose the motion, also favors dismissal. Plaintiff's failure to oppose the motion prevents defendants from addressing plaintiff's substantive opposition, and would delay resolution of this action, thereby causing defendant to incur additional time and expense.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth *supra*, the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 15, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/jack0592.nop.fr

3